IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REX AIKEN                                                                                                   PLAINTIFF

VERSUS                                                            CIVIL ACTION NO.  1:04cv33JMR-JMR

MIKE BYRD, SHERIFF OF JACKSON
COUNTY, MISSISSIPPI; JOHN DOES 1-3;
JACKSON COUNTY MISSISSIPPI                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on the Motion [13-1] of defendants Mike Byrd ("Byrd") and Jackson County, Mississippi for Summary Judgment, which is accompanied by their Memorandum in Support [14-1].  Therefore, the Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the defendants' Motion [13-1] for Summary Judgment is well taken, and should be granted.

## STATEMENT OF CASE

Plaintiff was bound over to the Grand Jury on a charge child molestation on October 23, 2002.  (*See* Mittimus, attached as Exhibit "3" to the defendants' Motion for Summary Judgment). He was classified at the Jackson County Adult Detention Center that same day.  (*See* Inmate Classification Sheet, attached as Exhibit "4" to the defendants' Motion for Summary Judgment). Plaintiff, because he was charged with a sex crime against a child, was initially kept out of a regular cell block until it was believed he could safely be incorporated therein and he agreed to being placed there. (*See* Affidavit, attached as Exhibit "6" to the defendants' Motion for Summary Judgment). Approximately six weeks after being admitted into the Jackson County Adult Detention Center, Aiken was moved into a regular pretrial cell block, cell block H-E, on December 10, 2002.  (*See* Inmate Classification Sheet and Inmate Cell Assignment, attached as Exhibits "4" and "7" to the

defendants' Motion for Summary Judgment). There were fourteen inmates in this cell block.

On January 21, 2003, the incident in issue took place. Aiken was lying on the top bunk of his cell when Joseph Wash ("Wash"), another inmate housed in the cell block, walked in and pulled Aiken off the top bunk, which caused him to hit the floor. Wash then started kicking Aiken, who crawled under the bottom bunk until officers could reach him. (*See* Aiken's Statement, attached as Exhibit "9" to the defendants' Motion for Summary Judgment). Wash was placed in lockdown K-E after the incident and Aiken was immediately transported to Singing River Hospital. (*See* Inmate Roster, attached as Exhibit "8" to the defendants' Motion for Summary Judgment). Aiken suffered a broken hip and a laceration on the back of his head.

Several days before this incident, Wash had made a statement about "hurting someone" in cell block H-E if he was not if he was not moved back to cell block F-E. At some later point, Wash stated essentially that "something" was going to go down if he was not moved back to F-E.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97. "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party

must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

## **ANALYSIS**

Defendants Mike Byrd and Jackson County, in their Motion for Summary Judgment [13-1], contend that the plaintiff's assertions, even if true, would only amount to single, episodic acts, and, therefore, could not support liability under section 1983. They further contend that because the municipality for which the sheriff worked maintains no custom or policy of depriving individuals

of their constitutional rights, a claim of municipal liability under section 1983 must fail. Byrd also claims that the plaintiff does not allege individual capacity claims against the sheriff and is only suing him in his official capacity; which the plaintiff's counsel acknowledged during the Case Management Conference. The plaintiff does not rebut this assertion.

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. "The unconstitutional conduct [alleged by the plaintiff] must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* at 578. *See Bennet v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).

The three requirements for municipal liability detailed above are necessary in order to distinguish between isolated violations committed by local employees and those violations which may be committed by the government itself. *Piotrowski*, 237 F.3d at 578. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Id.* at 578. In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted.").

In the present case, the plaintiff's main allegation is that Byrd is liable under section 1983, through his authority as the Sheriff of Jackson County, because of alleged "cruel and unusual punishment" and the right to be "secure from unreasonable seizure." The Court notes that plaintiff's official capacity claim against Byrd is, in reality, a claim against the office which he occupied at the time of the alleged incidents and, ultimately, Jackson County. Since the plaintiff brings this action against Byrd in his official capacity, he must establish a constitutional violation and in addition must satisfy the test for official capacity liability. This test requires the plaintiff to establish three things: first, that the Sheriff's office had an official policy, practice or custom which would subject it to section 1983 liability; second, that the official policy is linked to the constitutional violation(s); and third that the official policy reflects the Sheriff's office's deliberate indifference to that injury. See

*Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002).

The Court finds that, even if taken as true, the plaintiff's allegations amount to single, isolated incidents of negligent conduct. The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. Although Wash had made statements to jail employees about "doing something," this could not be construed as a specific threat to Aiken. The Court notes that Aiken was kept out of the general population of the cell block until such a time as it was thought safe to move him there. No evidence has been shown that jail officials knew or should have known about any potential problems between Wash and Aiken. At best, such an assertion amounts to an isolated incident of negligent conduct, which, by itself, is insufficient to support the instant official capacity claims against Byrd. Further, this Court finds that because there existed no policy or custom which was the moving force behind any alleged constitutional violation, there exists no basis for plaintiff's claims against Jackson County.

The Fifth Circuit has held that a "state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm ... but responded with deliberate indifference to that risk." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). In other words, for liability to attach to a jail official, the plaintiff must show that the official had subjective knowledge of a substantial risk of serious harm to the inmate, but responded with deliberate indifference to that risk. *Id.* at 649. The plaintiff has not offered any evidence that would create a genuine issue of material fact as to whether the defendants possessed subjective knowledge of a substantial risk of serious harm, or that Byrd responded with deliberate

indifference to that risk.[1]  Deliberate indifference is the subjective intent to cause harm, and it cannot be inferred from a jail official's failure to act reasonably.  It is not the same as negligence.  *Id.* at 648.  "Negligent conduct by a prison official cannot be the basis for a due process claim."  *Id.* at 646.

### **CONCLUSION**

For the foregoing reasons, this Court is of the opinion that the plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim.  Therefore, this Court finds that the Motion [13-1] for Summary Judgment of Byrd and Jackson County is granted, and that Aiken's Petition for Writ of Habeas Corpus is dismissed with prejudice.  Therefore, the defendants' Motion [12-1] to Compel and the defendants' Motion [15-1] in Limine, or in the Alternative, Motion to Dismiss are both hereby moot.

This the 26th day of April, 2006.

                                                                               *s/ John M. Roper, Sr.*
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the plaintiff did not file a response to the Motion for Summary Judgment and has offered no evidence of deliberate indifference.